IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-rj-00025-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GARY W. FLANDERS,

    Defendant,

and

BLANE CLARK and JEFFREY L. HILL, ESQ.,

    Garnishees.

## ORDER

This matter comes before the Court on Plaintiff's Motion for Entry of Garnishee Order [Docket #22]. Plaintiff now seeks a garnishment order directed against Jeffrey L. Hill. Esq., to require him to pay to Plaintiff all property in his possession that the El Paso County District Court determines belongs to Defendant Gary Flanders.

This garnishment proceeding is based on an order of criminal restitution against Defendant Flanders, and is complicated by the bankruptcy proceedings of Defendant Flanders as well as the marriage dissolution proceedings of Defendant Flanders and Evelyn Lawrence. After Plaintiff sought and received a Writ of Garnishment against the bankruptcy trustee, Ms. Lawrence sought to intervene in these proceedings to ensure that any assets remaining from the bankruptcy estate would be construed as marital assets before being subject to Plaintiff's Writ of Garnishment. Defendant Flanders objected to Ms. Lawrence Motion to Intervene and requested an hearing on her objections to the Writ of Garnishment.

Now, Plaintiff seeks a Writ of Garnishment against Defendant's attorney who holds surplus funds of the bankruptcy estate. Garnishee Hill states that these surplus funds are subject to the concurrent jurisdiction of the El Paso County District Court for the action *In re Marriage of Flanders*, Case No. 00-02-3896. It appears that all parties assert, and this Court agrees, that the El Paso County District Court is the appropriate forum for determining any division of marital assets.

Plaintiff's requested Writ of Garnishment resolves any need for this Court's involvement in any of these decisions, as well as Ms. Lawrence's need to intervene in this proceeding, by allowing the El Paso County District Court to first determine which assets belong to Defendant Flanders before allowing the garnishment of any funds belonging to Defendant Flanders. By entering the Writ of Garnishment presently sought by Plaintiff, both writs in this case will state that they apply to "all property in [garnishee's] possession which the El Paso County District Court determines belongs to Defendant," (Docks. #13 and 22-4) and, thus, have no effect until the marital property has been distributed between the parties.

Accordingly, it is hereby ORDERED that:

Interested Party Ms. Lawrence's Motion to Intervene [Filed December 11, 2006; Docket #15] is **denied**.

The hearing requested by Defendant Flanders [Docket #20] and set for January 23, 2007, at 10:00 a.m. is **vacated**.

Plaintiff's Motion for Entry of Garnishee Order [Filed January 21, 2007; Docket #22] is **granted**. The Court will sign the Writ of Garnishment and enter it on the record.

Dated at Denver, Colorado this 22nd day of January, 2007.

BY THE COURT:

  s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge